[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 25-11615

Non-Argument Calendar

_____

DAVID WASH FOLEY, JR.,
JENNIFER T. FOLEY,

                                        Plaintiffs-Appellants,

*versus*

ORANGE COUNTY,
a political subdivision of Florida,
ASIMA M. AZAM,
TIM BOLDIG,
individually and together, in their personal
capacities,
FRED BRUMMER,
RICHARD CROTTY,
individually and together, in their personal

2                    Opinion of the Court                    25-11615

capacities, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-00456-RBD-E_K

_____

Before JORDAN, BRANCH, and LAGOA, Circuit Judges.

PER CURIAM:

David Foley, Jr., and Jennifer Foley (the "Foleys"), *pro se*, challenge on appeal the attorney's fees judgments entered in favor of some of the defendants. In a November 2, 2023, order, the district court found that all defendants—who were divided into three separate groups—were entitled to attorney's fees. However, the court has only determined the amount of fees owed to defendant Orange County, Florida (the "County") and the so-called "Employee Defendants." The district court has not entered any order determining the amount of fees owed to the so-called "Official Defendants," despite finding in its November 2 order that those defendants were entitled to fees. A jurisdictional question asked the parties to address whether the district court had entered a final and appealable order as to attorney's fees.

25-11615                Opinion of the Court                3

The defendants respond that the district court impliedly denied attorney's fees to the Official Defendants in its February 26, 2025, order determining the amount of fees owed to the County and to the Employee Defendants. However, that order is silent as to the Official Defendants; it neither determines the amount of fees owed to them or revokes its earlier finding that they are entitled to fees. Because its finding that those defendants are entitled to fees still stands, and because it has not determined the amount of fees owed to those defendants, the district court has not entered a final and appealable order about attorney's fees. *See Sabal Trail Transmission, LLC v. 3.921 Acres of Land*, 947 F.3d 1362, 1370 (11th Cir. 2020) (concluding that, when a district court enters an order determining that a party is entitled to attorney's fees, but does not set the amount of the award, there is no final order on attorney's fees); *Interstate Pipe Maint., Inc. v. FMC Corp.*, 775 F.2d 1495, 1497 (11th Cir. 1985) ("The fee award is not severable into discrete issues of entitlement and amount . . . ."). And because the district court has not entered a final order on fees as to the Official Defendants, its fee judgments as to the other defendants are also not final and appealable. *See Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222 (11th Cir. 2012) (holding that an order denying one party's postjudgment motion for attorney's fees is not final and appealable where another party's motion for attorney's fees remains pending).

The Foleys respond that this case is like one where a complaint is dismissed with leave to amend by a specific date, in which the plaintiff may elect to either amend the complaint or appeal. *See Schuurman v. Motor Vessel Betty K V*, 798 F.2d 442 (11th Cir. 1986).

They specifically argue that, under *Schuurman*, the Official Defendants' failure to file a timely motion as to the amount of fees owed to them rendered the district court's November 2, 2023, order final for purposes of appeal. The issue in *Schuurman* was when an order dismissing a complaint with leave to amend becomes final, as an order dismissing a complaint without leave to amend is final. *Id.* at 443; *see Van Poyck v. Singletary*, 11 F.3d 146, 148 (11th Cir. 1994) ("Generally, an order dismissing a complaint is not final and appealable unless the order holds that . . . the complaint cannot be saved by amendment."). We concluded that the dismissal order is final when the amendment period expires or when a party files a notice of appeal before the period expires. *See Schuurman*, 798 F.2d at 445-46. But an order that determines only that a party is entitled to attorney's fees, like the November 2 order here, is never itself final; the fees issue becomes final only when the amount of fees is determined. *See Sabal Trail Transmission, LLC*, 947 F.3d at 1370; *Interstate Pipe Maint., Inc.*, 775 F.2d at 1497. *Schuurman*'s rule about dismissal of complaints with leave to amend thus does not apply here.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.